CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 09 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | Civil Action No. 5:03CV00094 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| CHARLES W. TYLER, ) | United States District Judge |
| ) | |
| Defendant. ) | |

The plaintiff, DIRECTV, Inc., ("DIRECTV") brings this action against the defendant, Charles W. Tyler ("Tyler"), alleging that the defendant violated federal and state law by illegally intercepting DIRECTV's satellite programming. DIRECTV seeks declaratory and injunctive relief as well as statutory or actual damages, punitive damages, and costs. This case is before the court on defendant's motion for summary judgment. For the reasons set forth below, the defendant's motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

DIRECTV is in the business of distributing satellite television broadcasts throughout the United States through the use of certain technology including an outdoor satellite dish and an indoor satellite receiver. DIRECTV uses a removable access card within each satellite receiver to encrypt the digital signal. When a consumer pays a subscription fee, DIRECTV electronically directs the access card to unscramble those portions of the satellite signal for which the consumer has paid. These subscription fees are the main revenue source for DIRECTV.

On December 1, 2001, DIRECTV, with the assistance of the U.S. Marshall's Service, conducted a raid on The Computer Shanty, an El Paso, Texas business, that transacted business

over the internet focused on distributing electronic devices that could be used to surreptitiously pirate DIRECTV's satellite signals. During the course of that raid, DIRECTV located certain sales records indicating that the defendant had purchased such electronic devices in September 2001.

The plaintiff filed this action against the defendant and two other individuals on November 14, 2003.[1] The defendant responded to the complaint in a letter filed December 18, 2003, in which the defendant denied DIRECTV's allegations. The defendant's letter was docketed by the clerk of court as a "letter answer." DIRECTV propounded discovery requests, including requests for admission, to Tyler on April 29, 2004. The defendant's responses to the discovery requests were due by June 1, 2004, however he failed to respond by that date. Tyler also failed to appear at a settlement conference scheduled for August 4, 2004 and a hearing on a motion to show cause on September 24, 2004. The plaintiff then filed this motion for summary judgment on April 11, 2005. The defendant responded to the plaintiff's motion in a letter dated April 14, 2005. The matter is currently set for trial on May 18, 2005.

## STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[1] In an order dated July 14, 2004, this court severed the actions against the three defendants for separate adjudication.

(1986). In deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## DISCUSSION

The plaintiff contends that it is entitled to summary judgment against Tyler because Tyler's failure to respond to its requests for admissions means that each of the requests is deemed admitted, thus establishing liability on behalf of the defendant. Federal Rule of Civil Procedure 36 provides that each matter of which an admission is requested "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, [] the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). Furthermore, any matter admitted under this rule is conclusively established. Fed. R. Civ. P. 36(b).

The plaintiff is correct that a district court may enter summary judgment when a defendant has failed to respond to requests for admissions and the facts as admitted are dispositive of the case. In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 654 (E.D. Va. 1999); Moosman v. Blitz, 358 F.2d 686, 688 (2nd Cir. 1966); Weva Oil Corp. v. Belco Petroleum Corp., 68 F.R.D. 663, 666 (W.D.W. Va. 1975). In this case, the requested admissions, if admitted, would indeed be dispositive of the factual issues presented to this court. However, the district court is not required to enter summary judgment in such a case. Moosman, 358 F.2d at 688.

The plaintiff contends that the only available recourse for Tyler is to make a motion for

withdrawal or amendment of his admissions. See Fed. R. Civ. P. 36(b). The plaintiff also argues that it would be unduly prejudiced should the court grant such a motion in this case because it would be deprived of its pending summary judgment. See Weva Oil Corp., supra, 68 F.R.D. at 666-67 (holding that permitting an out of time response would prejudice the other party "by requiring it to prove matters contained in its requests for admission").

In this case, however, the court is reluctant to grant summary judgment against a pro se defendant solely on the basis of his failure to comply with the requirements for discovery under the Federal Rules of Civil Procedure. The Rule specifically provides that the court may permit an answer within a shorter or longer time than the 30 days indicated, without a motion from the defendant. Fed. R. Civ. P. 36(a). The court also notes that a grant of summary judgment in this case would not further the interests of justice. See United States v. Turk, 139 F.R.D. 615, 618 (D. Md. 1991) (holding that to conclusively hold crucial facts to be admitted against a pro se defendant would not be in the interests of justice). In his April 14, 2005 letter, Tyler has responded to the central issues addressed in plaintiff's requests for admissions. Tyler states that he had no knowledge of the purchase of any electronic devices to be used to receive signals. Tyler also states that his son and an unnamed individual, not himself, had used his credit card to make any purchases from The Computer Shanty. Therefore, Tyler has effectively denied those requests for admissions that are key to the central issue of liability in this case.

## CONCLUSION

Because the court deems Tyler's April 14, 2005 letter a timely response to DIRECTV's requests for admissions, the plaintiff's motion for summary judgment shall be denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and the

accompanying order to defendant and all counsel of record.

ENTER: This 9th day of May, 2005.

*[signature]*
United States District Judge