CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 9 2005

JOHN F. CORCORAN CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DIRECTV, INC.,                    )
                                  )      Civil Action No. 5:03CV00094
     Plaintiff,                  )
                                  )      **OPINION AND ORDER**
v.                                )
                                  )      By: Hon. Glen E. Conrad
CHARLES W. TYLER,                 )      United States District Judge
                                  )
     Defendant.                  )

This case is before the court on plaintiff's motion for a trial by the court. The plaintiff filed this action against the defendant, Charles W. Tyler, and two other individuals on November 14, 2003. The defendant responded to the complaint in a letter filed December 18, 2003, which was docketed by the clerk of court as a "letter answer." Tyler did not request a trial by jury in his letter answer. Each of the other two defendants, Wilson and Miller, answered the plaintiff's complaint and requested a trial by jury. In an order dated July 14, 2004, this court severed the actions against the three defendants for separate adjudication. Tyler did not make a separate request for a trial by jury after the cases were severed. The plaintiff contends that Tyler was required to request a trial by jury after the severance and that, because he has not done so, he has waived his right to a jury trial. The plaintiff thus requests the court to rescind its designation of this matter as a jury trial and grant the plaintiff's motion to have all triable issues heard by the court.

A party may request a trial by jury by serving his demand in writing upon the other parties after the commencement of the action but no later than 10 days after the service of the last pleading directed to such an issue. Fed. R. Civ. P. 38(b). If a party fails to comply with the Rule,

he has waived his right to a jury trial. Fed. R. Civ. P. 38(d). In a multiple-defendant case, however, "a defendant can rely on the jury demand of a co-defendant to the extent of the issues embraced by that demand." Collins v. Government of Virgin Islands, 366 F.2d 279, 284 (3rd Cir. 1966) (holding that one defendant's demand for a jury trial sufficed to establish his co-defendant's right notwithstanding the dismissal of the first defendant from the action). See also YJR Enterprises, Inc. v. Twin County Grocers, Inc., 709 F. Supp. 499, 501 (S.D.N.Y. 1989) ("a party may rely on another's jury demand and duplicative jury demands need not be made").

Regardless of the severance of the other defendants from this case, defendant Tyler is entitled to rely upon the timely jury demands of the other two defendants. Therefore, it is hereby

ORDERED

that the plaintiff's motion for a trial by the court shall be and hereby is DENIED.

The Clerk is directed to send certified copies of this Opinion and Order to defendant and all counsel of record.

ENTER:     This 9ᵗʰ day of May, 2005.

United States District Judge

2